IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DAMON WILLIAMS, § <br> #57441-177 § <br>     Movant, § <br> § <br> v. § <br> § <br> UNITED STATES of AMERICA, § <br> § <br>     Respondent. § | No. 3:21-cv-00943-B-BT <br> No. 3:18-cr-00291-B-2 |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Movant Damon Williams, a former federal prisoner, filed a *pro se* motion to vacate, set-aside, or correct his sentence under 28 U.S.C. § 2255. The District Court referred the resulting civil action to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the Court should deny Williams's § 2255 motion.

**Background**

Williams pleaded guilty to conspiracy to possess with the intent to distribute a Schedule II controlled substance in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 846. The District Court sentenced him to 95 months' imprisonment. The Fifth Circuit Court of Appeals affirmed the District Court's judgment. *See United States v. Williams*, 804 F. App'x 302 (5th Cir. 2020) (per curiam).

1

Williams then filed his § 2255 motion, in which he argues that his appointed trial attorney provided ineffective assistance of counsel when she failed to argue at sentencing that he was a minimal or minor participant under United States Sentencing Guidelines (U.S.S.G.) § 3B1.2. The Government responds that the facts underlying Williams's case demonstrate that such an objection would not have been successful, the claim lacks merit, and the § 2255 motion should be denied with prejudice. Williams filed a reply, and his § 2255 motion is ripe for determination.

## Legal Standards and Analysis

In his sole claim, Williams argues that his trial attorney provided ineffective assistance of counsel when she failed to move for a lower sentence under U.S.S.G. § 3B1.2 based on his alleged role as a minimal or minor participant in the drug conspiracy. Mot. 7 (CV ECF No. 2).[1] He states that his attorney agreed to argue in favor of a mitigating-role reduction at sentencing if he pleaded guilty, but after he pleaded guilty, she failed to follow through with the agreement. Williams contends that he would "never" have pleaded guilty if not for his attorney's promise to move for a mitigating-role reduction at sentencing. *Id.* at 11. He further contends that

---

[1] For purposes of these Findings, Conclusions, and Recommendation, "CV ECF" refers to this civil action, case number 3:21-cv-00943-B-BT, and "CR ECF" refers to the underlying criminal action, case number 3:18-cr-00291-B-2.

2

the Government's discovery fully supports a finding that he was a minimal or minor participant in the conspiracy. Williams concludes that his attorney was incompetent for failing to argue at sentencing that he was a minimal or minor participant, and due to her incompetent representation, he received a greater sentence than he otherwise would have received, and the issue was not preserved for appellate review.

To prevail on a claim of ineffective assistance of counsel, a movant must show: (1) his counsel's performance was deficient; and (2) the deficient performance prejudiced his defense so gravely as to deprive him of a fair trial. *Strickland*, 466 U.S. at 687. In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

Even if a movant proves his counsel's performance was deficient, he must still prove prejudice. To demonstrate prejudice, a movant must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id.* "Rather, the defendant must demonstrate that the

3

prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id.* (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

Section 3B1.2 provides:

Based on the defendant's role in the offense, decrease the offense level as follows:

>   (a)   If the defendant was a minimal participant in any criminal activity, decrease by 4 levels.
>
>   (b)   If the defendant was a minor participant in any criminal activity, decrease by 2 levels.

In cases falling between (a) and (b), decrease by 3 levels.

U.S.S.G. § 3B1.2. A defendant is entitled to a mitigating-role reduction under U.S.S.G. § 3B1.2 when he shows by a preponderance of the evidence: (1) the culpability of the average participant in the criminal activity, and (2) he was substantially less culpable than the average participant. *United States v. Palacios-Villalon*, 802 F. App'x 868, 869 (5th Cir. 2020) (per curiam) (citing *United States v. Castro*, 843 F.3d 608, 613 (5th Cir. 2016) (footnote omitted)); *see also Arellano-Galeana v. United States*, 2020 WL 5819362, at *3 (N.D. Tex. Sept. 30, 2020). A minor participant's "participation must be enough less so that he at best was peripheral to the advancement of the illegal activity." *United States v. Tremelling*, 43 F.3d 148, 153 (5th Cir. 1995). A court's determination regarding whether a minor-participant reduction is appropriate is based "on the totality of the circumstances." *United States v. Kearby*, 943 F.3d 969, 977 (5th Cir. 2019) (citing U.S.S.G. § 3B1.2 cmt.

n.3(C)). The decision whether to apply a mitigating-role reduction is a factual finding that is reviewed for clear error. *Palacios-Villalon*, 802 F. App'x at 869 (citing *United States v. Gomez-Valle*, 828 F.3d 324, 327 (5th Cir. 2016) (citation omitted)).

In support of his argument that he is entitled to a mitigating-role reduction under U.S.S.G. § 3B1.2, Williams attaches Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) reports. Mot. 18-21, 23-32 (CV ECF No. 2). He points out that his name appears relatively infrequently in the ATF reports, and he asserts he was not the supplier for his codefendant, Ladderick Edwards. Mot. 11-14 (CV ECF No. 2). But according to the PSR—which concluded Williams was not entitled to a downward adjustment for his role in the offense, (PSR ¶ 24)—Williams's role in the drug conspiracy was more than "peripheral." *See Tremelling*, 43 F.3d at 153. Williams repeatedly supplied the methamphetamine at the drug transactions that Edwards brokered on February 22, 2018, March 1, 2018, March 8, 2018, and April 4, 2018. (PSR ¶¶ 8-11.) The District Court adopted these facts from the PSR at sentencing. (CR ECF No. 55.)

Based on the "[t]otality of the circumstances," the Court finds that Williams failed to demonstrate that he played a minimal or minor role in the drug conspiracy. Rather, Williams was the courier for the methamphetamine involved in the conspiracy. (PSR ¶¶ 8-11.) *Kearby*, 943 F.3d at 977. A courier may or may not be eligible for a reduction at

sentencing under U.S.S.G. § 3B1.2. *See United States v. Edwards*, 65 F.3d 430, 434 (5th Cir. 1995); *see also United States v. Gallegos*, 868 F.2d 711, 713 (5th Cir. 1989) ("[A] defendant may be a courier without being a minimal participant or a minor participant.") (citing *United States v. Buenrostro*, 868 F.2d 135, 139 (5th Cir. 1989)). However, the Fifth Circuit has stated, "even if [the defendant's] characterization of his conduct as a mere courier were accurate . . . a courier is 'an *indispensable part*' of a drug enterprise." *United States v. Solis*, 613 F. App'x 336, 339 (5th Cir. 2015) (per curiam) (emphasis added) (quoting *Buenrostro*, 868 F.2d at 138); *see also United States v. Alfaro-Martinez*, 476 F. App'x 11, 11 (5th Cir. 2012) (per curiam). In *Burton v. United States*, 237 F.3d 490 (5th Cir. 2000), the defendant carried drugs on "several occasions," and the Fifth Circuit found that "the district court could reasonably conclude that [the defendant] was not a minor participant." *Id.* at 504.

Williams has failed to show that he was a minimal or minor participant in the drug conspiracy and thus entitled to a mitigating-role reduction under U.S.S.G. § 3B1.2. *See Palacois-Villalon*, 802 F. App'x at 869; *see also Castro*, 843 F.3d at 613. The facts contained in the PSR, which were adopted by the District Court, demonstrate that he played more than a peripheral role in the drug conspiracy as the courier of the methamphetamine. For these reasons, Williams cannot show that his attorney's failure to argue in favor of a mitigating-role reduction under

6

U.S.S.G. § 3B1.2(b) at sentencing amounted to deficient performance, or that Williams somehow was prejudiced. *See United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999) ("An attorney's failure to raise a meritless argument . . . cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue.") (citing *Williams v. Collins*, 16 F.3d 626, 634-35 (5th Cir. 1994)); *see also United States v. Israel*, 838 F. App'x 856, 868 (5th Cir. 2020) (citing *Kimler*, 167 F.3d at 893).

## Recommendation

The District Court should DENY Williams's § 2255 motion to vacate, set-aside, or correct sentence.

Signed November 3, 2022.

　　　　　　　　　　　　　　　　／s／
　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　REBECCA RUTHERFORD
　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).